UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P.,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 3:26-cv-1522-SBC<br><br>**ORDER GRANTING JOINT MOTION FOR ALLOWANCE OF FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**<br><br>[Dkt. No. 18] |

On March 11, 2026, Plaintiff Gregory P. filed a complaint against the Commissioner of Social Security ("Defendant"), seeking judicial review of Defendant's decision to deny Plaintiff disability insurance benefits. (Dkt. No. 1.) On August 5, 2026, the Court granted the parties' joint motion for voluntary remand of this matter to the Social Security Administration for further administrative proceedings. (Dkt. No. 16.)

Presently before the court is the parties' Joint Motion for Allowance of Fees and Costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (hereafter

"Joint Motion"). (Dkt. No. 18.) Because the Joint Motion did not provide sufficient information regarding the hours expended, hourly rates or counsel's qualifications, the Court ordered supplemental briefing. (Dkt. No. 19.) On September 17, 2026, the parties filed their Joint Supplemental Brief, together with an itemized billing statement and information regarding counsel's qualifications and billing rates. (Dkt No. 20.)

The supplemental materials reflect that Plaintiff's counsel expended 16.5 attorney hours, resulting in $3,795.00 in fees at a rate of $230/hour. (Dkt. No. 20-2.) For the reasons stated below, the Court **GRANTS** the Joint Motion and awards Plaintiff attorney fees of $3,795.00.

## I. DISCUSSION

### A. Timeliness

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgement that is final and not appealable …." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[1] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

Here, judgment was entered on August 5, 2026, and the Joint Motion was filed on September 11, 2026. (Dkt. Nos. 16, 18.) The motion was filed within thirty days after expiration of the 60-day appeal period and therefore falls within the EAJA filing period. Accordingly, Plaintiff met the deadline to file a timely motion for

[1] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in official capacity. Fed. R. App. P. 4(a)(1)(B).

EAJA fees.

**B. Applicable Law**

A litigant is entitled to attorney fees and costs under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005); *see also* 28 U.S.C. § 2412(a), (d). The Court addresses each of these elements below.

**C. Prevailing Party**

A plaintiff is a prevailing party if he or she "has succeeded on any significant issue in litigation which achieve[d] some of the benefit … sought in bringing suit." *Ulugalu v. Berryhill*, Case No. 3:17-cv-01087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, there is no doubt that Plaintiff is the prevailing party as the Court granted the joint motion for voluntary remand, entered judgment in his favor, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings. (Dkt. No. 16.)

**D. Substantial Justification and Special Circumstances**

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A). *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When determining whether the government's position was substantially justified, the court considered "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier*, 727 F.3d at 870. The government's position must be "as a whole,

substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (emphasis omitted). "[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1990).

Defendant has not carried the burden of demonstrating that the Government's position was substantially justified or that an award of attorney fees under the circumstances would be unjust. *See id.* at 569-70. By not arguing a position and agreeing to the Joint Motion, Defendant effectively concedes that the Government's litigation position had no reasonable basis in law or fact, and that there are no special circumstances that would make the award of attorney fees here unjust. Accordingly, the Court finds no basis to deny the EAJA fee request pursuant to § 2412(d)(1)(A).

**E. Whether the Amount Sought is Reasonable**

The EAJA provides that courts may award reasonable attorney fees "based on prevailing market rates for the kind and quality of services furnished." 28 U.S.C. § 2412(d)(2)(A). Additionally, courts generally defer to the winning lawyer's professional judgment as to how much time was required to complete the litigation. *See e.g., Costa v. Comm'r of Soc. Sec. Admin*., 690 F.3d 1132, 1136 (9th Cir. 2012) ("'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' []As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112-13 (9th Cir. 2008)); *see also id.* at 1136 ("[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."); *Krebs v. Berryhill*, Case No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018) (finding that 21.7

hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal a reasonable number of hours).

Here, Plaintiff's counsel spent 16.5 hours on the case, which the Court finds to be reasonable. *See* 28 U.S.C. § 2412(d). The total number of hours billed is within the typical range seen in social security appeals. *See, e.g., Stearns v. Colvin*, Case No. 3:14-cv-05611 JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases that establish that the typical number of hours reported for counsel in a social security case ranged from 18-40 hours).

Attorney's fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). The Ninth Circuit has established that "the EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases[.]" *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005). Accordingly, the Ninth Circuit has set its own statutory maximum EAJA rates, factoring in annual increases in the cost of living. The most recently published statutory maximum EAJA rate for attorney work in the Ninth Circuit is $258.46. *See* United State Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.usoucrts.gov/attorneys/statutory-maximum-rates/ (last visited September 17, 2026); *see also Black v. Berryhill*, Case No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (considering the Ninth Circuit's hourly EAJA rate a reasonable rate).

Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel billed at a rate of $230 per hour. (Dkt. No. 20-2.) As such, the Court finds the hourly rates billed by counsel are reasonable.

**F. Assignment of Rights to Counsel**

The parties jointly request that fees be made payable to Plaintiff, but that if the Department of the Treasury determines that Plaintiff does not owe a federal debt,

payment may be made directly to Plaintiff's attorney pursuant to Plaintiff's assignment. (Dkt. Nos. 18, 20-1.)

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588-89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4-*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, Case No. 16-cv-00809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4-*5 (E.D. Cal. Mar. 21, 2011) (same); *cf. Hernandez v. Berryhill*, No. 2:15–cv–1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement).

The parties' supplemental brief included Plaintiff's assignment of EAJA fees to counsel. (Dkt. No. 20-1.) Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to Plaintiff's counsel pursuant to the asserted assignment.

## II. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for Allowance of Fees and Costs Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt. No. 18), as supplemented by

the Supplemental Joint Brief in Support of Motion for EAJA Fees (Dkt. No. 20), is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $3,795.00; and
3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588-89 (2010), any payment shall be made to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government may make payment directly to Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Hon. Steve B. Chu
United States Magistrate Judge